UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYREEK WORDSLEY,

                              Petitioner,

    v.                                                       9:19-CV-1105
                                                              (DNH/ATB)

VERONICA FERNANDEZ,

                              Respondent.

TYREEK WORDSLEY, Petitioner, pro se
EMER M. STACK, AUSA, for the Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Presently before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Petition ("Pet.")) (Dkt. No. 1). Petitioner is confined at the Federal Correctional Institution ("FCI") Ray Brook, New York. Petitioner argues that the Bureau of Prisons ("BOP") has improperly calculated his federal sentence. (Pet. ¶ 13 at 7-8).[1]

Respondent has filed an answer and memorandum of law, together with the Declaration of Gail Crowe, a Management Analyst at the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas. (Dkt. No. 12, 12-1-12-12). Ms. Crowe has worked in the area of inmate sentence computation since 2006. (Crowe Decl. ¶ 1) (Dkt. No. 12-1). Respondent argues for denial of the petition, claiming that

---

[1] The paragraphs and the pages of the petition are numbered on the original document, so the court will cite to the pages of the petition itself.

petitioner's sentence was properly calculated. (Dkt. No. 12). For the following reasons, this court agrees with respondent and will recommend denial of the petition.

## DISCUSSION

### I. FACTS

The background facts of the petitioner's case are not disputed. On September 20, 2011, Pennsylvania State authorities arrested the petitioner on various drug and weapons charges. (Resp.'s Mem. of Law at 1; Crowe Decl. ¶ 5 & Att. 1). The state charges were withdrawn on December 8, 2011. (*Id.*; Crowe Decl. ¶ 5). Petitioner still had four pending Pennsylvania state violations of probation, even after the withdrawal of the drug and weapons charges. (*Id.*) On December 8, 2011, the petitioner was temporarily transferred to federal custody for prosecution on federal charges for the September 20, 2011 incident. (Resp.'s Mem. of Law at 2; Crowe Decl. ¶ 6 & Att. 2, 3).

Petitioner pled guilty in federal court to a violation of 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon). (*Id.*; Crowe Decl. ¶ 6 & Att. 3). On November 20, 2012, the Honorable Jan E. DuBois, Senior United States District Court Judge in the Eastern District of Pennsylvania, sentenced petitioner to 96 months imprisonment, to be followed by three years of supervised release. (*Id.*) The court did not specify whether the petitioner's federal sentence was to run concurrently or consecutively to any other sentence which might be imposed. (*Id.*) On January 23, 2013, petitioner was returned to state custody for the court to address the pending state probation violations. (Resp.'s Mem. of Law at 2; Crowe Decl. ¶ 6; Att. 2, 4 at 29).

On April 17, 2013, the petitioner's probation was revoked in all four cases. (*Id.*; Crowe Decl. ¶ 7; Att. 4). Petitioner was sentenced to five to ten years incarceration on

each violation, to run concurrently with each other and consecutively to the petitioner's federal sentence. (*Id*.; Crowe Decl. ¶ 7; Att. 4 at 1, 6). In 2014, petitioner requested that his federal sentence run concurrently to his state sentences. (Pet. at 11). Because the federal sentencing documents did not specify whether the sentences were to be concurrent or consecutive, and based on a Third Circuit case,[2] the Bureau of Prisons ("BOP") asked the sentencing judge for clarification. (Crowe Decl. ¶ 8; Att. 5).

The judge responded by letter, stating that the attorneys in petitioner's federal criminal case agreed that five years of the petitioner's state sentence should be served "consecutively" to the federal sentence, but that the rest of the time, "if any," could be served concurrently. (Crowe Decl. ¶ 9; Att. 6). The judge agreed with the recommendation of counsel in the federal case, and mentioned two different dates[3] upon which the federal sentence would start to run, calculating five years from the date that petitioner was arrested on the state charges.

Based upon the judge's letter, the BOP calculated petitioner's federal sentence beginning on September 21, 2016, resulting in a projected release date of August 12, 2023. (Crowe Decl. ¶ 10; Att. 7). In response to this petition, the BOP reviewed petitioner's sentencing calculation and determined that the Pennsylvania Department of

---

[2] In *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990), the court held that an inmate was entitled to have the BOP *consider* his request to designate the state prison as the "place of confinement" for purposes of determining whether he was entitled to credit against his federal sentence for time spent in state custody.

[3] One of those dates was June 21, 2016, and the second was September 21, 2016. (Crowe Decl. Att. 6). However, only the September date reflects service of five years of the state sentence (date of arrest 9/21/11 to 9/21/16), without any provision for sentence credits that might have occurred during that time period. It is unclear where the June 21, 2016 date originated, and it appears to be a typographical error.

3

Corrections ("PADOC") calculated petitioner's state sentence by taking the date of his state sentencing (April 17, 2013) and subtracting 78 days of incarceration credited to the state charges from September 22, 2011 to December 8, 2011, when he was transferred to federal custody. (Crowe Decl. ¶ 12; Att. 4). PADOC calculated plaintiff's minimum release date from the State sentence as January 29, 2018, after serving five years of the sentence. (*Id.*) The BOP's most recent calculation which will be discussed below has resulted in a release date of August 10, 2023. (Crowe Decl. ¶ 15; Att. 10). Both parties agree that petitioner has exhausted his administrative remedies and is properly before this court.

## II.   Petitioner's Claims

Petitioner makes the following claims:

1. He asks the court grant him sentence credit on his federal sentence for September 20, 2011 until January 29, 2013. (Pet. at 7-8).

2. He asks that the court consider that his federal sentence began to run on June 21, 2016. (*Id.*)

Respondent argues for denial of the petition, asserting that the BOP's sentence calculations are correct. For the following reasons, this court agrees with respondent and will recommend denial of the petition.

## III.   Sentence Calculation

### A.   Legal Standards

A federal criminal defendant's sentence formally begins when he is received into custody at the official detention facility at which his sentence is to be served. *Omoregie v. Warden*, No. 3:17-cv-00139 (JAM), 2018 WL 3432715, at *2 (D. Conn. July 16,

2018) (citing 18 U.S.C. § 3585(a)). The defendant may receive credit for time that he has previously served in detention prior to the formal commencement of his federal criminal sentence. If any such earlier detention "has not been credited against another sentence," a defendant shall receive credit for time that he has previously spent in official detention "'as a result of the offense for which the [current federal] sentence was imposed,' or 'as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.'" *Id.* (quoting 18 U.S.C. § 3585(b)). The "'defendant has no right to credit on his federal sentence for time that has been credited against [a] prior state sentence.'" *Id.* (quoting *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998)). As respondent notes, section 3585 bars double counting. (Resp.'s Mem. at 4) (citing *Weber v. United States*, 149 F.3d 172, 173 (2d Cir. 1998)). *See Reynolds v. Warden of FCI Ray Brook*, No. 9:16-CV-1264 (TJM/TWD), 2020 WL 918766, at *1 (N.D.N.Y. Feb. 26, 2020) (petitioner is not entitled to credit against a federal sentence for time he spent incarcerated that counted towards the term of his state sentence).

**B.   Application**

Petitioner has asked for credit toward his federal sentence from September 20, 2011 until January 29, 2013 and that his federal sentence begin to run on June 21, 2016. This court must determine how the BOP calculated petitioner's sentence, what credit was given to each sentence, and which date signaled the commencement of the federal sentence.

First, petitioner's claim that his federal sentence should begin to run on June 21, 2016 cannot succeed. Petitioner claims that the court ordered the BOP to calculate his

sentence as of that date. However, a review of the judge's letter shows that petitioner's claim is unfounded. The June 2016 date appears to be an error, and does not coincide with any calculation of the petitioner's sentence. The first page of the judge's letter clearly states that petitioner would have served five years of his state court sentence on September 21, 2016, not June 21, 2016.[4] (Crowe Decl. Att. 6). Thus, plaintiff's statement that the judge granted him "partial credit" is not accurate.[5]

With respect to the calculation itself, the most recent review of the petitioner's sentence occurred on October 10, 2019, after he filed this habeas corpus petition. (Crowe Decl. ¶ 15). Petitioner was arrested on the state charges on September 20, 2011. Petitioner was given credit on his federal sentence for the time between September 20, 2011 and September 21, 2011 and given credit on his state sentence for September 22, 2011 until he was transferred to federal custody on December 8, 2011. (Crowe Decl. ¶¶ 12, 15). Petitioner was given credit on his federal sentence from December 9, 2011 until April 16, 2013, the day before he was sentenced on the state charges and began serving his state sentence. (Crowe Decl. ¶ 15). Thus, petitioner given credit on his

---

[4] Neither date is correct because the judge did not take into account other sentence credit when he estimated the date that the petitioner's federal sentence would commence. The judge was calculating the September 21, 2016 date by adding five years to the date that petitioner was arrested. However, he did not take into consideration that part of the time after petitioner was arrested on September 20, 2011 (497 days) was credited to his *federal* sentence, and thus, simply adding five years to the date of arrest was not correct. However, the judge's intent was clear that petitioner should serve five years of his 5-10 year state sentence "consecutively" to his federal sentence.

[5] Petitioner may have been confused with the judge's language, and the error in calculation. The petitioner moved to have the entire state court sentence run concurrently with the federal charges, and the judge stated that he was granting that motion "in part" because he recommended that only five years of petitioner's state court sentence run consecutively to the federal sentence, while any remaining time on the state court sentence run concurrently to the federal sentence. (Crowe Decl. Att. 6). The judge did not give petitioner "partial credit."

6

federal sentence for at least part of the time that he is requesting in this petition.  He cannot receive credit on his federal sentence for September 22, 2011 until December 8, 2011 because that time was credited to his state court sentence.

Petitioner began serving his state sentence on April 17, 2013 and was given 78 days credit on that sentence for the time between September 22, 2011 to December 8, 2011.  Because of this sentence credit, petitioner's state sentence was considered to have commenced on January 29, 2013. (Crowe Decl. ¶ 12 n.2).  Five years from January 29, 2013 would be January 29, 2018.  This portion of petitioner's state sentence would be the "consecutive" portion of the sentence, and petitioner's 96 month (8 year) federal sentence would start to run on January 29, 2018.  As stated above, petitioner got credit for the time that he spent incarcerated from September 20, 2011 to September 21, 2011 and December 9, 2011 until April 16, 2013 (a total of 497 days).  Petitioner is also projected to earn 405 days of good time. (Crowe Decl. ¶ 15; Att. 10).

Eight years from January 29, 2018 would be January 29, 2026, but the BOP determined petitioner's release date as August 10, 2023 by subtracting the 497 days of sentence credit and 405 days of good time from the 2026 date. (*Id.*)  All of petitioner's jail time has been credited to either his federal or his state sentence, and the BOP's calculations are correct.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**.[6]

---

[6] The court does not recommend a ruling with respect to a certificate of appealability ("COA") because such a certificate is not required in the appeal of a denial under 28 U.S.C. § 2241. *Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003); *Roukis v. United States Army*, No. 10-CV-2219, 2014 WL 6238416, at *7 (S.D.N.Y. Nov. 14, 2014) (citing *Drax, supra*). *See* 28 U.S.C. § 2253(c)(1) (listing

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 16, 2020

Andrew T. Baxter
U.S. Magistrate Judge

---

appeals which require a COA). *Cf. Cespedes v. United States*, No. 01-CV-2249, 2001 WL 811929, at *1 (E.D.N.Y. June 11, 2001) (noting that the Second Circuit granted a COA in the appeal of a prior order in which a section 2241 action was treated as a motion under 28 U.S.C. § 2255, in which a COA is statutorily required).